## In re BOUCK.

(District Court, S. D. New York. June, 1912.)

**1.** BANKRUPTCY (§ 414*)—DISCHARGE—OBJECTIONS—SPECIFICATIONS.

Where objections to a bankrupt's discharge were based entirely on the ground that the bankrupt had been guilty of a conveyance with intent to defraud creditors, the fact that he was guilty of concealment of property was immaterial.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

**2.** BANKRUPTCY (§ 407*)—DISCHARGE—PREFERENTIAL PAYMENT.

The fact that a bankrupt made a preferential payment is not ground for denial of a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

In Bankruptcy. In the matter of bankruptcy proceedings of one Bouck. On motion to confirm the report of a referee recommending the bankrupt's discharge. Granted.

Orin Q. Flint, for bankrupt.

Samuel B. Coffin (Guernsey Price, of counsel), for objecting creditor.

HOUGH, District Judge. [1] The objections to discharge are entirely upon the ground that the bankrupt has been guilty of conveyance with intent to hinder, delay, and defraud creditors. The master's memorandum seems to me to be based rather on the thought that the bankrupt was accused of concealing property. Even if he did conceal property, that idea is not material here, because it is not set forth in the specifications. The meager testimony is uncontradicted and extremely simple. The bankrupt had a blacksmith shop, and sold it out, and with the proceeds employed an attorney, in order that he might go into bankruptcy, paid a small debt or two, and gave his wife $20 to buy groceries.

[2] I think in the evidence there was a preferential payment, but that is not ground for denying discharge. The sole inquiry in this case is whether in the evidence there was a conveyance with intent to hinder, delay, and defraud. The rules on this point have recently been stated authoritatively by our Circuit Court of Appeals in Van Iderstine v. National Discount Co. (C. C. A., 2d Cir.) 23 Am. Bankr. Rep. 345, 347, 174 Fed. 518, 521, 98 C. C. A. 300. Applying these rules to the facts here, I am unable to perceive that there was any intent on Bouck's part to do the forbidden act.

The report is confirmed, and the discharge granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes